Mr. Justice Thacher
delivered the following dissenting opinion.
The facts in this case were agreed to be as follows: — The note sued upon was made by Ferriday, and indorsed by Ferri-day as the attorney in fact of Routh. The notice of nonpayment, addressed to Routh, was left at Ferriday’s counting house, in Natchez. Routh resided indifferently in the city of Natchez and near Grand Gulf, and used the post offices at both places. He sometimes called at Ferriday’s counting house for letters and papers, but more generally frequented another store in the same city. The power of attorney, by virtue of which Ferriday indorsed the name of Routh to the note sued upon, appointed Ferriday Routh’s agent and attorney in fact, general and special, granting to the attorney full power and authority for him and in his name, and in the name of his attorney for his own use and benefit, or for the use and benefit of any other persons, to make, indorse, draw, accept and negotiate all promissory notes, bills of exchange, drafts and other securities of any and every kind whatsoever, to issue letters of credit, to transact all banking business, to make all manner of renewals and indorsements of his name on all promissory notes, bills of exchange, drafts or other securities of any kind whatsoever, consequent or in any wise dependent upon such renewals, whether the same be payable to him, or to his said attorney, or to any other person or persons, or corporation or company whatsoever. And generally to do all lawful acts and things whatsoever, concerning or in anywise appertaining to the premises, as he might or could do, if he were personally present and acting therein.
The first inquiry is whether this power of attorney conferred upon Ferriday the authority to receive notices of the protest *486 of notes indorsed by him as Routh’s attorney, thereby to bind Routh. I think that no such authority was conferred by the power. The acts to be performed are enumerated, which always draws the distinction between a general and special agency. 2 Kent, 620. Although the term “ general ” as well as “ special ” is employed in describing the agent in the power of attorney under examination, yet the particular purposes for which he was constituted agent being therein enumerated, the agency can only be considered as special, although it is general in reference to the particular purposes for which it is made. Anderson v. Coverly, 21 Wend. 279.
There is no language in the power expressly granting an authority to the agent to receive notices of protest upon notes made in pursuance of it. Can such an authority be legally presumed from its enumerated powers. When an act precedes or follows another as a necessary and inevitable consequence or precedent, and when from their very nature they are inseparable, the grant of one will necessarily supply the grant of the other; but while they are distinct and separate acts, although entering into the same transaction, the grant of one does not supply the grant of the other.
An attorney, by an indorsement for his principal, binds him conditionally, but by receiving for him a notice of protest of the same note he binds him absolutely. To hold that the power to indorse for a principal contained the power to receive for him a notice of protest, would be to hold, that the less power contained within it the greater. An authority to indorse a note would certainly not convey an authority to make a note, and yet such would be the effect by implying the power to receive notices from the power to indorse notes. And so as to the power to make renewals of notes. It was the duty of the agent to have taken steps to obtain a renewal, and he should, therefore, at least have tendered a fresh bill or notice. It is upon these principles that it has been held that the authority to indorse notes does not carry with it the authority to receive notices of protest. Bailey on Bills, 274; Louisiana Bank v. Ellery, 3 Cond. La. R. 249.
*487 Receiving notices of protest can hardly be considered as a part of one’s banking business, for it would seem to be a more legitimate banking business to pay a note than to suffer a protest. It is not the business of a bank to give notices of protest. 7 How. 648.
The broad language of the power of attorney cannot be construed to confer the authority to receive notices of protest. General words in such instruments are not to be construed at large, but as giving general powers for carrying into effect the special purposes for which they are given. Story on Agency, 62.
In this case, the question is not one of power under a general implied authority, but of an authority under a power of attorney. It is in the active sense to do and perform certain things. The reception of notice of protest is something to be suffered and not to be done.
The notice of protest was left at Ferriday’s counting-house, addressed to Routh. A clerk in the counting-house testified that what he thought were notices of protest for said Routh were left there. This possibly might have been, and still Ferriday himself might not have been so well acquainted with the notices as to have known them from their exterior, and, surely, although the nature of them, as notices of protest, might have been known as well to Ferriday as the clerk, it does not follow that from the exterior they knew that this was a notice of protest of the note in question. Besides, the evidence shows that Ferri-day’s counting-house was not the place where legal notice should have been given to Routh.
But admitting that Routh’s power to Ferriday was wide enough to authorize him to receive such notice. Did he receive the notice as agent 1 He was the maker of the note and the note was not paid at maturity. The rule is that notice to an agent is constructive notice to the principal, but it is only so when it arises from, or is at the time connected with, the subject-matter of his agency, and it must come to the agent while he is concerned for the principal. Story on Agency, 131, sec. 140. The reason given for the rule is that public policy *488 presumes that the agent has communicated the facts to the principal. The non-payment of the note by Ferriday, the maker, was no part of his agency for Routh, and yet this was all the notice he had received of the protest. Indeed, it does not follow that because a note is not paid, that it is protested, or that notice is given at all. Ferriday knew that the note was not paid, but he obtained that knowledge in the course of his own business and not as Routh's agent. He was concerned for himself when that knowledge came to him and not for Routh, for he made the note in his own name and not as attorney. It is not denied that notice to a known general agent is equivalent to notice to the principal, but it is insisted that to render such a notice binding on the principal, the agent must have a special power for the purpose, or be a general agent, which brings us back to the consideration of the power of attorney.
For the above reasons, I feel disinclined to concur in the views of the majority of the court in this case.